*Bruce E. Disenhouse (SBN 078760)*
bdisenhouse@krsattys-riv.com
KINKLE, RODIGER AND SPRIGGS
Professional Corporation
3333 Fourteenth Street
Riverside, California 92501
(951) 683-2410
FAX (951) 683-7759

Attorneys for DEFENDANTS, COUNTY OF RIVERIDE, DEPUTY DON GOODRICH, DEPUTY TONY HOXMEIER, and WILLIAM DI YORIO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK PERRIN,<br><br>              Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE; DEPUTY DON GOODRICH #1781, individually and as a peace officer, DEPUTY TONY HOXMIER, #2510, WILLIAM DI YORIO, individually and as a peace officer, DOES 1-10, inclusive,<br><br>              Defendants.<br>_____ | CASE NO.:  EDCV 08-595-LLP (SSx)<br><br>ORDER ON STIPULATION FOR PROTECTIVE ORDER RE: ADDITIONAL CONFIDENTIAL DOCUMENTS CONTAINING PRIVATE INFORMATION OF THIRD PARTIES PRODUCED BY DEFENDANT COUNTY OF RIVERSIDE IN RESPONSE TO PLAINTIFF MARK PERRIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, NO. 23 AND SPECIAL INTERROGATORIES, SET ONE, NOS. 3&4 |

        IT IS HEREBY ORDERED, pursuant to stipulation of counsel and the July 22, 2010 Order of this Court concerning Defendant County of Riverside's Responses to Plaintiff Mark Perrin's Request for Production of Documents, Set One, No. 23 and Special Interrogatories, Set One, Nos. 3&4 that:

        1.        All documents and information identified in Paragraph 3 below which are being produced pursuant to the July 22, 2010 Order of this Court by Defendant County of Riverside in Response to Plaintiff Mark Perrin's Request for Production

1

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

of Documents, Set One, No. 23 and Special Interrogatories, Set One, Nos. 3&4 are designated by the parties and this Court as "confidential material" which shall be used solely in connection with the preparation and trial of the within case, Case No. EDCV 08-595-LLP (SSx) or any related appellate proceeding, and not for any other purpose, including any other litigation, except as otherwise permitted by written agreement of counsel for the parties or by order of a Court of competent jurisdiction. Any "confidential material" produced by Defendants or used in this litigation will be stamped or otherwise marked in a conspicuous location prior to the production or use of the document in this litigation as follows:

> **"CONFIDENTIAL MATERIAL BY STIPULATION
> OF THE PARTIES SUBJECT TO PROTECTIVE
> ORDER, Case No. EDCV 08-595-LLP (SSx)"**

2. All documents and information identified in Paragraph 3 below which are being produced by Defendant County of Riverside in Response to Plaintiff Mark Perrin's Request for Production of Documents, Set One, No. 23 and Special Interrogatories, Set One, Nos. 3&4 are being produced subject to and pursuant to this protective order and the July 22, 2010 Order of this Court as these documents contain private information of third parties to which Federal courts have recognized that third party individuals have a privacy interest in not having disclosed. See **DeArmand v. City of Antioch**, 2009 WL 1704686, at *2 (N.D. Cal. 2009) (citing **Cook v. Yellow Freight Sys., Inc.**, 132 F.R.D. 548, 551 (E.D. Cal. 1990); **Soto v. City of Concord**, 162 F.R.D. 603, 616 (N.D. Cal. 1995)). However under federal

[PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER RE: ADDITIONAL CONFIDENTIAL DOCUMENTS CONTAINING PRIVATE INFORMATION OF THIRD PARTIES PRODUCED BY DEFENDANT COUNTY OF RIVERSIDE IN RESPONSE TO PLAINTIFF MARK PERRIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, NO. 23 AND SPECIAL INTERROGATORIES, SET ONE, NOS. 3&4

law, this Court has balanced the Plaintiff's need for the information against the privacy right asserted and has now ordered the production of said documents and information. **Id**.

3. The following documents and information produced by Defendants COUNTY in Response to Plaintiff Mark Perrin's Request for Production of Documents, Set One, No. 23 and Special Interrogatories, Set One, Nos. 3&4 are to be designated as "confidential material" by the parties and pursuant to the agreement and stipulation of the counsel for the parties are being produced subject to and as a result of this protective order and the July 22, 2010 Order of this Court:

    (a) Legible copies of each and every crime and arrest report wherein defendants Hoxmier and Goodrich alleged themselves, together or individually, to be victims of Penal Code sections 148, 69, 243 and 245, for a period of five years prior to Plaintiff Mark Perrin's alleged incident which occurred on Martin Luther King Day January 19, 2004 in the City of Moreno Valley. (Request No. 23);

    (b) The complete name, date of birth and current or last known address of the individual cited by defendant Goodrich at 10:44 a.m., January 19, 2004. To the extent this information still exists or ever existed, the County may answer by providing a copy of the citation issued pursuant to FRCP 33. (Special Interrogatory No. 3); and,

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

[PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER RE: ADDITIONAL CONFIDENTIAL DOCUMENTS CONTAINING PRIVATE INFORMATION OF THIRD PARTIES PRODUCED BY DEFENDANT COUNTY OF RIVERSIDE IN RESPONSE TO PLAINTIFF MARK PERRIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, NO. 23 AND SPECIAL INTERROGATORIES, SET ONE, NOS. 3&4

(c)   The name, date of birth and current or last known address and telephone number of the individual cited under No. 238545 by defendant Goodrich for allegedly violating V.C. §27007, October 1, 1999.  The County may answer by providing a copy of the citation issued pursuant to FRCP 33.  (Special Interrogatory No. 4).

4.   The parties agree that the above referenced materials are sensitive and subject to certain privacy rights under both state and federal law and are deemed privileged under both state and federal law.  Therefore, the parties agree that good cause exists for the issuance of this protective order, to protect the significant privacy rights of the parties herein and the third parties thereby effected.

5.   Confidential and private material may not be disclosed except as provided in paragraph 6 herein.

6.   Confidential and private material may be disclosed only to the following persons:

(a)   Counsel for any party and any party to this litigation;

(b)   Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in Section 6(a);

(c)   Court personnel and stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for and trial of this action, or otherwise at the trial of this action;

4
[PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER RE: ADDITIONAL CONFIDENTIAL DOCUMENTS CONTAINING PRIVATE INFORMATION OF THIRD PARTIES PRODUCED BY DEFENDANT COUNTY OF RIVERSIDE IN RESPONSE TO PLAINTIFF MARK PERRIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, NO. 23 AND SPECIAL INTERROGATORIES, SET ONE, NOS. 3&4

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

      (d)    Any outside expert or consultant retained in connection with this action, and not otherwise regularly employed by the parties or their counsel;

      (e)    Any "in-house" expert designated by the parties to testify at trial in this matter; and

      (f)    Any investigators employed by the parties in connection with this action.

7.    Nothing in paragraph 6 is intended to prevent officials or employees of the County of Riverside or other authorized governmental officials from having access to the documents and information if they would have had access in the normal course of their job duties.

8.    Further, nothing in this order prevents a witness from disclosing events or activities personally known to him or her, that is, a witness can disclose to others information previously given to the Riverside County Sheriff's Department with respect to what he or she saw, heard, or otherwise sensed.

9.    Each person to whom disclosure is made, with the exception of those identified in paragraph 6 who are presumed to know the contents of this protective order, shall, prior to the time of disclosure, be provided a copy of this order by the person furnishing him/her such material, and shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order. Such person also must consent in writing to be subject to the

5

[PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER RE: ADDITIONAL CONFIDENTIAL DOCUMENTS CONTAINING PRIVATE INFORMATION OF THIRD PARTIES PRODUCED BY DEFENDANT COUNTY OF RIVERSIDE IN RESPONSE TO PLAINTIFF MARK PERRIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, NO. 23 AND SPECIAL INTERROGATORIES, SET ONE, NOS. 3&4

KINKLE, RODIGER
AND SPRIGGS
Professional Corporation

jurisdiction of the United States District Court with respect to any proceeding relating to enforcement of this order, including after the termination of this action for purposes of enforcing the Protective Order. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

10. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal, pursuant to Local Rule 79-51, and with an appropriate application made to the Judge assigned and presiding over this matter, United States District Judge Lawrence L. Piersol, for lodging under seal, in an envelope clearly marked as follows:

> **"CONFIDENTIAL AND MATERIAL SUBJECT TO A PROTECTIVE ORDER.  CASE NO.:  EDCV 08-595-LLP (SSx)."**

11. At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this order (including any copies made and/or any computer materials made or stored) shall be tendered back to the attorneys of record for the County of Riverside. Provisions of this order insofar as they restrict the disclosure and use of the material shall be in effect until further order of this Court.

///

///

KINKLE, RODIGER
AND SPRIGGS
Professional Corporation

6
[PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER RE: ADDITIONAL CONFIDENTIAL DOCUMENTS CONTAINING PRIVATE INFORMATION OF THIRD PARTIES PRODUCED BY DEFENDANT COUNTY OF RIVERSIDE IN RESPONSE TO PLAINTIFF MARK PERRIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, NO. 23 AND SPECIAL INTERROGATORIES, SET ONE, NOS. 3&4

12. The foregoing is without prejudice to the right of any party:

    (a) To apply to the Court or to some court of competent jurisdiction, for a further protective order relating to confidential material or relating to discovery in this litigation;

    (b) To apply to the Court or to some court of competent jurisdiction, for an order removing the confidential material designation from any documents; and

    (c) To apply to the Court for an order modifying this order or for any order permitting disclosure of confidential material beyond the terms of this order.

13. In addition to the above and foregoing, nothing in this order prevents any of the parties to this action from referencing any materials deemed confidential under this order in any motion papers filed with the Court in this action, at the hearing of any motion, or at trial.

/S/

DATED: 8/3/10

_____
UNITED STATES MAGISTRATE JUDGE

KINKLE, RODIGER
AND SPRIGGS
Professional Corporation

7
[PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER RE: ADDITIONAL CONFIDENTIAL DOCUMENTS CONTAINING PRIVATE INFORMATION OF THIRD PARTIES PRODUCED BY DEFENDANT COUNTY OF RIVERSIDE IN RESPONSE TO PLAINTIFF MARK PERRIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, NO. 23 AND SPECIAL INTERROGATORIES, SET ONE, NOS. 3&4