O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARK PERRIN, | ED CV 08-00595 LLP (SSx) |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER RE: ATTORNEY'S FEES AND COSTS |
| DEPUTY DON GOODRICH #1781, individually and as a peace officer; DEPUTY TONY HOXMIER #2510, individually and as a peace officer; | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A jury returned a verdict on June 28, 2011, for the Plaintiff, Mark Perrin, and against both Defendants Goodrich and Hoxmeier on Perrin's cause of action under 42 U.S.C. § 1983 for depriving Perrin of his right to be free from the use of excessive force; on Perrin's cause of action under 42 U.S.C. § 1983 for depriving Perrin of his right to be free from malicious prosecution; on Perrin's cause of action under 42 U.S.C. § 1985(2) for conspiring to deprive Perrin of his constitutional rights for the purpose of impeding, hindering, obstructing or defeating the due course of justice in the Courts of the State of California by reason of racial prejudice; on Perrin's cause of action under 42 U.S.C. § 1985(3) for conspiring to deprive Perrin of his constitutional rights to equal protection and immunities under the law by reason of racial prejudice; on Perrin's cause of action for battery; on Perrin's cause of action for intentional infliction of extreme emotional distress; on Perrin's cause of action for conspiracy to cause Perrin to be assaulted and falsely imprisoned; and on Perrin's cause of action for interfering or attempering to interfere with Perrin's First Amendment right to challenge the Defendants' conduct by threatening or committing violent acts. Judgment on the verdict was entered July 8, 2011, in the amount of $326,012.00.

Plaintiff moved for an award of attorney's fees and costs. Doc. 119. Defendants then moved for judgment as a matter of law and for new trial. The parties stipulated that Defendants would not

be required to respond to Plaintiff's motion for attorney's fees until there were rulings on Defendants' post-trial motions. The Court denied Defendants' post-trial motion for judgment as a matter of law, and denied the motion for new trial except with regard to the award of damages and allowed Plaintiff to elect between a remittitur reducing the award by $56,657.50 and or a new trial. After Plaintiff elected for the remittitur, the Court directed Plaintiff to supplement his earlier submissions for attorney's fees. After Plaintiff supplemented his earlier motion for fees (Doc. 153), the Defendants filed their opposition to the fee requests. Doc. 159. Plaintiff then filed a reply to the opposition. Doc. 167.

General Considerations in the Award of Attorney's Fees

Pursuant to 42 U.S.C. § 1988 the Court, in its discretion, may allow the prevailing party a reasonable attorney's fee in an action to enforce a provision of Section 1983 or 1985. "Congress made clear that it 'intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases and not be reduced because the rights involved may be nonpecuniary in nature.'" *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986) (citing Senate Report, at 6, U.S. Code Cong. & Admin. News 1976, p. 5913 ). Plaintiff has satisfied the prevailing party requirement for attorney's fees by receiving some relief on the merits of his claim. *See Hewitt v. Helms*, 482 U.S. 755, 760-61 (1987). A civil rights plaintiff who recovers damages in any amount qualifies as a prevailing party under the civil rights attorney's fee statue, but a court should consider the extent of the plaintiff's recovery in fixing a reasonable attorney's fee award. *See Farrar v. Hobby*, 506 U.S. 103 (1992); *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Although Plaintiff was not awarded punitive damages the jury's verdict establishes that he succeeded on significant issues in the litigation and that he achieved a substantial amount of the benefit he sought in bringing his action. The Court find no special circumstances that would weigh against awarding attorney's fees to the Plaintiff in this case after considering (1) whether allowing fees would further the purposes of 42 U.S.C. § 1988, and (2) whether the balance of the equities favors or disfavors the denial of fees. *See Democratic Party of Washington State v. Reed*, 388 F.3d 1281 (9th Cir. 2004). Defendants concede that Plaintiff is the prevailing party and is entitled to fees but maintain that the amount of fees requested by Plaintiff is not reasonable.

Determining the Amount of Attorney's Fees

As the fee applicant, Plaintiff bears the burden of documenting and supporting the attorney's fees requested. *Hensley*, 461 U.S. at 433. The customary method of determining fees is the lodestar method. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The lodestar method has "achieved dominance in the federal courts." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801(2002). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995).

A reasonable fee is one that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.[1] *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010)(citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). "[T]he lodestar method yields a fee that is presumptively sufficient to achieve this objective." *Perdue v. Kenny A.*, 130 S.Ct. at 1673. The Supreme Court has noted that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Id.* (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. at 566).[2] There are only a few rare and exceptional circumstances that are not taken into account in the lodestar calculation which may justify an enhancement to the lodestar calculations. *See Perdue v. Kenny A.*, 130 S.Ct. at 1674. Plaintiff in this case has not requested an enhancement to the lodestar calculation.

Number of Hours Reasonably Expended

After the jury trial, Plaintiff in his motion for attorney's fees claimed 339.50 hours. In his supplement to the original request for attorney's fees Plaintiff claimed an additional 39.2 hours for work on post-trial motions, and claimed 11.7 hours for work on his attorney's fee reply, for a total

---

[1] The legislative history of 42 U.S.C. § 1988 explains that "a reasonable attorney's fee" is one that is "adequate to attract competent counsel, but ... [that does] not produce windfalls to attorneys." S.Rep. No. 94-10011, p. 6 (1976).

[2] The Supreme Court specifically held in *Blum v. Stenson*, 465 U.S. 886, 898-900 (1984), that the "novelty [and] complexity of the issues," "the special skill and experience of counsel," the "quality of representation," and the "results obtained" from the litigation are presumably fully reflected in the lodestar amount, and that these factors cannot serve as independent bases for increasing the basic fee award.

3

claim of 390.4 hours. The civil litigation began immediately after the criminal cases against Perrin were resolved and none of the time in the lodestar calculation represents time spent on the criminal action.

Defendants claim that since many of the entries in Plaintiff's counsel's time sheets are in whole or half-hour increments, this Court should apply an across the board cut to account for what Defendants allege must be inherent padding of actual time spent pursuing Plaintiff's claims. Not all of the entries in Plaintiff's counsel's time sheets are in whole or half-hour increments, and the Court does not accept Defendants' reasoning to conclude that the only way whole hour or half hour increments could occur is if all time was rounded up to the next half hour or nearest hour. The Court rejects the Defendants' proposal to reduce by 25% those entries for whole and half- hour increments of time.

Defendants ask that the Court strike eight hours of time which Defendants believe are inappropriate billing items. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. at 434. Plaintiff's counsel's billing records contain an entry of June 2, 2008, of three hours for picking up exhibits from the court and an entry of December 22, 2009, of 1.1 hours for trying to prepare for a deposition but experiencing software problems. Although Plaintiff's reply explains that the Superior Court clerk had failed to comply with the order for the return of key exhibit, it is still not clear why the matter had to be resolved by Plaintiff's counsel driving to the clerk's office. These entries appear to be inconsistent with good billing judgment and the hours will be reduced by excluding these entries totaling 4.1 hours.

The *Monell* claims in this case were eventually dismissed by Plaintiff and Defendants contend that time attributed to those claims should be excluded from the lodestar calculation. The *Monell* claims, however, were related to the claims for which Plaintiff was successful and information sought to pursue the *Monell* claims was utilized in presenting Plaintiff's case on other causes of action. Further, in considering the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation," *Hensley*, 461 U.S. at 435, the Court does not believe the 13.9 hours should be reduced or excluded from the lodestar

4

calculation. *See Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir.1991) ("we read *Hensley* as establishing the general rule that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims.").

Defendants contend that Plaintiff's counsel improperly billed for time spent on outdated jury instructions, and that the 16.2 hours billed for preparing jury instructions should be cut in half inconsideration of the corrections needed on the outdated instructions. Plaintiff explains in his reply that the entries in issue include opposition to motions in limine and address deficiencies in instruction sent by Defendants. Plaintiff's reply presents an explanation of the billing entries concerning jury instructions which refutes Defendants' position.

Defendants also contend that 29.4 hours billed for opposing Defendants' post-trial motions should be reduced because the work product does not reflect that counsel spent that much time in opposing these motions. Defendants argue specifically that Plaintiff's submissions contain no citations to the record and most of the legal citations in the post-trial submissions came from pre-trial documents. Defendants' Rule 50(b) motion and memorandum was 24- pages long. Defendants' new trial motion and memorandum was 33-pages long. Defendants presented numerous issues in their post-trial motions. There were numerous volumes of trial transcript and Defendants' supporting declarations and exhibits for the post-trial motions were over 100-pages long. The Court does not consider the time spent on the responses to the post-trial motions to be excessive.

Reasonable Hourly Rate

The Ninth Circuit has held that "'[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir.1986)). Generally, the relevant legal community for purposes of determining a reasonable hourly rate is the forum district. *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1994).

In the case at hand, Plaintiff's counsel requests a rate of $600 per hour for his services in this case and asserts that he believes this amount to be reasonable and comparable to the fee rate charged

5

by attorneys in Los Angeles County of similar skill, experience and reputation. Plaintiff's counsel has provided a sworn statement that he has been a police misconduct litigator since 1978, has trial experience in more than 250 police misconduct jury trials in both state and federal courts, and has been plaintiff's counsel of record in over 800 different police misconduct actions. Plaintiff's counsel has lectured and taught extensively in his field throughout California and the District of Columbia. At the time he submitted his request for attorney's fees Plaintiff's counsel was representing plaintiffs in approximately 35 different police misconduct and civil rights actions in state and federal court. Plaintiff's counsel also has a criminal practice currently limited to representing alleged victims of police abuse against alleged false accusations by the police. Doc. 119.

In support of his motion for attorney's fees, Plaintiff's counsel submitted the declaration of civil rights attorney Carol Sobel. Ms. Sobel's current billing rate is $750 an hour. Although she has not yet been awarded fees at that rate, she has settled a case with the City of Los Angeles at that rate in 2011. In 2010, in the Central District of California, she was awarded fees at the rate of $725 an hour. In 2009, in the Central District of California, she was awarded fees at the rate of $725 an hour. In 2008, in the Central District of California, she was awarded fees at the rate of $695 an hour. Ms Sobel, in an earlier career as Senior Staff Counsel at the ACLU, had the responsibility of obtaining current billing rates for lawyers of comparable skill and experience in the Los Angeles area. Ms. Sobel has continued to survey firms to obtain relevant comparisons for billing rates, and regularly reviews fee applications submitted by and court awards made to public interest groups in Los Angeles. Ms. Sobel regularly provides declarations and supporting exhibits in support of fee applications by civil rights lawyers and public interest lawyers, and a number of decisions have cited to her submissions. Ms. Sobel stated in her declaration that she is very familiar with the work of Plaintiff's counsel, Thomas Beck, and characterized Mr. Beck as being at the top of the small group of attorneys in the Los Angeles legal market who handle police misconduct cases. Ms. Sobel opined that the $600 an hour rate sought by Mr. Beck is well below the range of reasonable market rates for attorneys with his skill, experience and reputation. Doc. 119, attachment 2 and 3.

In support of his motion for attorney's fees, Plaintiff's counsel also submitted the declaration of another civil rights attorney, Paul L. Hoffman. Mr. Hoffman's practice involves complex civil rights litigation, and he has been involved in dozens of cases involving allegations of police

6

misconduct. In 2007 he was named the California Lawyer of the Year recipient for civil rights work. Mr. Hoffman's hourly rate is $750 an hour and that hourly rate was awarded and affirmed in California state court. Mr. Hoffman states that he has known Plaintiff's counsel and his work since 1984 and is very familiar with Plaintiff's counsel's practice and reputation in the civil rights legal community in Southern California. Mr. Hoffman and Mr. Beck have litigated a substantial civil rights class action for the last five years. Mr. Hoffman characterizes Mr. Beck as being highly respected as a civil rights trial lawyer and as being in a small group of trial lawyers who will take cases that are small in terms of monetary gain where constitutional rights have been violated. Mr. Hoffman states that he has tried to keep current on the hourly rates awarded and charged by lawyers in the Los Angeles community, and that there is no doubt in his mind that the requested $600 hourly rate is reasonable. Doc. 119, attachment. 4.

In his reply, counsel for Plaintiff provided documentation of a May 2009 and May 2010 attorney's fee award to attorney John Burton in the Central District of California. Mr. Burton and Plaintiff's counsel have both been specializing in representing plaintiffs in police misconduct cases, for approximately the same period of time and have similar reputations and experience. In addition, Plaintiff's counsel provided documentation of having been awarded attorney's fees at the hourly rate of $600 in January 2012 in a Section 1983 action in Superior Court for the County of Los Angeles.

In resisting Plaintiff's request for attorney's fees Defendants argue that "[s]ince this case was litigated in Riverside," Riverside is the relevant community for determining the relevant hourly rate. Doc. 159, p. 4. Defendants also state, "This case is based on events in the County of Riverside and it was tried in the City of Riverside." Doc. 159, p. 10. Since the jury trial was actually held in Los Angeles, the Court concludes that the Los Angeles area is a proper community to consider in determining a reasonable hourly rate.

Defendants also argue that $600 per hour is not a reasonable hourly rate because Plaintiff's counsel "does not identify a single client who has ever paid him that rate and does not identify a single court which ever awarded him fees at that rate." Doc. 159, pp. 8-9. The Ninth Circuit has reversed a fee rate determination in part because the trial judge found "[t]here is no evidence that Plaintiff's counsel ever collects $375 or $400 per hour from paying clients except as part of an award of attorneys' fees issued by a court." *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946 (9th

Cir. 2007). *See also Schwarz v. Secretary of Health and Human Services*, 73 F.3d 895, 908 (9th Cir. 2000) (the reasonable hourly rate determination "is not made by reference to rates actually charged the prevailing party"). Defendants submit prior attorney fee requests from Plaintiff's counsel, including one made in the case at hand, in which Plaintiff's counsel quotes his hourly rate as $400 or $450, not $600. Doc. 160. The Court will consider the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation, as well as Plaintiff's counsel's recent requests for attorney fees in establishing a reasonable rate.

Defendants have also submitted fee request materials from other plaintiffs' counsel in the Riverside area that requested and received fee awards involving hourly rates of substantially less than $600. Even if the Court were to consider Riverside the relevant community for establishing hourly rates, these submissions do not preclude awarding Plaintiff's counsel an hourly rate of $600. One of the attorney submissions asserted a range of $250 to $725 an hour as the prevailing hourly rate charged by knowledgeable and experienced employment lawyers in Riverside County. Doc. 160, Ex. 8. One of the attorney submissions requested an hourly rate $325, but the attorney had only tried approximately three jury trials and two bench trials, and the attorney had been in practice only since 1999, and his practice focused on personal injury, not civil rights litigation. Doc. 160, Ex. 12. None of the submissions from other plaintiffs' attorneys provided by Defendants commented on Mr. Beck's reputation, skill or experience.

The Court finds that although the submissions presented by Plaintiff are more persuasive in determining the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation possessed by Plaintiff's counsel than the submissions presented by Defendants, the Court also believes that the relatively recent requests of an hourly rate of less than $600 made by Plaintiff's counsel in this and other cases must be considered in establishing a rate which will provide a reasonable attorney's fee. After reviewing all the considerations, the Court has determined that an award calculated at the rate of $500 per hour is appropriate for Plaintiff's counsel in this case.

## CONCLUSION

Based on the applicable law and record in this case, the Court determines that Plaintiff is entitled to attorney's fees for 386.3 hours at the hourly rate of $500, for a total attorney's fee award

8

of $193,150.00. Plaintiff is also entitled to costs in the amount of $8,965.62, to the extent that this award of costs does not duplicate any costs awarded under Fed. R. Civ. P. 54(d).

IT IS SO ORDERED.

Dated this 14th day of May, 2012.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge